**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KAHLI CONSTANT,<br><br>                Plaintiff,<br><br>        v.<br><br>MICHAEL A. COX, STATE POLICE,<br>CONTINUUM OF CARE BRIDGE<br>OVER THE TROUBLED WATERS, and<br>ROCA, INC.,<br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        Civil Action No. 24-cv-10162-DJC |

**ORDER**

**CASPER, J.**                                                  **February 22, 2024**

Before the court is Plaintiff Kahli Constant's complaint, D. 1, application to proceed without prepayment of fees or costs, D. 2, motion to expedite federal civil suit hearing, D. 3, and motion for settlement conference, D. 4. After review of Constant's filings, the court rules as follows.

The Court ALLOWS the application to proceed without prepayment of fees or costs. Since Constant is proceeding *in forma* pauperis, the Complaint is subject to screening pursuant to 28 U.S.C §1915(e)(2). Under that statute, the Court must dismiss an action that fails to state a claim upon which relief can be granted. In conducting this review, the court liberally construes Constant's complaint because the plaintiff is representing himself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Constant's complaint as currently pled fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure and therefore is subject to dismissal. Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" <u>Educadores Puertorriqueños en Acción v. Hernandez</u>, 367 F.3d 61, 68 (1st Cir. 2004) (quoting <u>Gooley v. Mobil Oil Corp.</u>, 851 F.2d 513, 514 (1st Cir.1988)).  Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." <u>Id.</u> Here, Constant's complaint is an incomprehensible narrative of issues apparently against the government or government actors, although it is not entirely clear.  Accordingly, if Constant intends to proceed with this case, he must by **March 21, 2024,** file an amended complaint that complies with the basic pleading requirement of the Federal Rules of Civil Procedure, or this action will be dismissed.

Any amended complaint – a new stand-alone document – must set forth plausible claims upon which relief may be granted.  The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." <u>Id.</u>  The complaint must succinctly set forth what Constant claims each defendant did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to the defendants as to each claim.  That is, a complaint must clearly identify the claims and relief Constant seeks and provide sufficient factual bases for each of the elements of the claims that he asserts as to each defendant.  The caption must identify all defendants. Fed. R. Civ. P. 10(a). While Constant may include exhibits that are relevant to the claims, *see* Fed. R. Civ. P. 10(c), exhibits

are not required and the use of exhibits does not excuse a plaintiff of his responsibility to clearly and succinctly set forth the relevant allegations in the body of the amended complaint.

The remaining pending motions are DENIED without prejudice given the Court's ruling about the necessity of filing an amended complaint before this case may proceed.

Failure to comply with this Order will likely result in dismissal.  Summonses shall not issue until further order of the Court.

**So Ordered**.

 /s/ Denise J. Casper
UNITED STATES DISTRICT JUDGE