UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAHLI CONSTANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL A. COX, STATE POLICE, CONTINUUM OF CARE BRIDGE OVER THE TROUBLED WATERS, and ROCA, INC<br>　　　　Defendant. | Civil Action No. 24-cv-10162-DJC |

## ORDER DISMISSING CASE

**CASPER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　April 12, 2024

　　On February 23, 2024, the Court ordered Plaintiff Kahli Constant ("Constant") to file an amended complaint that complied with the basic pleading requirements of the Federal Rules of Civil Procedure. On February 26, 2024, Constant filed an amended complaint, D. 7. Constant's amended complaint, although more detailed, still fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. As this Court previously informed Constant, under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). To be sure, "the requirements of Rule 8(a)(2) are minimal—but 'minimal requirements are not tantamount to nonexistent requirements.'" Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). Accordingly, a "complaint should at least set forth minimal facts as to who did what to whom,

when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Id.

Here, Constant's amended complaint is another incomprehensible narrative of issues apparently against the government or government actors that does not meet the minimum pleading requirements. The amended complaint, D. 7, is also unsigned.

Accordingly, upon screening pursuant 28 U.S.C. § 1915(e)(2)(B), the action is hereby DISMISSED without prejudice for failure to state a claim upon which relief can be granted. The Clerk is directed to enter a separate order of dismissal and close the case. Given this ruling, the motion for appointment of counsel, D. 8, is DENIED as MOOT.

**So Ordered**.

/s Denise J. Casper
UNITED STATES DISTRICT JUDGE